# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                  **Case No: 6:17-cv-2043-Orl-31DCI**

**APPROXIMATELY $131,940.00,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR DEFAULT JUDGMENT (Doc. 16)
>
> **FILED:** April 25, 2018
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.      Background.**

On November 28, 2017, the government filed a Verified Complaint for Forfeiture In Rem (the Complaint). Doc. 1. In the Complaint, the government alleged that on February 1, 2017, Homeland Security Investigations (HSI) seized approximately $131,940.00 in U.S. currency (the Funds) from a carry-on bag in the possession of Kenneth Tam at the Orlando International Airport. *Id*. at ¶¶ 7, 9-30. The government alleged that the Funds "constitute (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act." *Id*. at ¶ 7. The

Funds are currently in the government's possession. *Id*. at ¶ 6. In light of the foregoing, the government sought forfeiture of the Funds. *Id*. at 11-12. On November 28, 2017, the government filed a Motion for Issuance of Warrant of Arrest *In Rem*. Doc. 2.

The Court issued a warrant of arrest *in rem* on November 28, 2017. Docs. 3; 5. Thereafter, the government complied with Federal Rule of Civil Procedure Supplemental Rule G(4)(a)(i)-(iv) by posting a notice of this civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days. Docs. 9; 16 at 3. The government also complied with Supplemental Rule G(4)(b) by sending notice of this civil forfeiture action to the only potential claimant, Kenneth Tam, by sending the notice to his counsel of record via certified and first class U.S. Mail on December 1, 2017. Doc. 16 at 3. The notice stated that Mr. Tam was required to file a verified claim within 35 days after the date of the notice.

According to the government, on December 7, 2017, Jacek W. Lentz, counsel for Mr. Tam, acknowledged receipt of the complaint and requested an extension to file a claim. The claim deadline was extended to February 5, 2018. On January 19, 2018, Mr. Lentz requested another extension to file a claim which was extend to February 28, 2018. Again, on February 26, 2018, Mr. Lentz requested another extension to file a claim which was extended to March 26, 2018. Mr. Lentz also acknowledged that he represented John Tam and Sandra Tam – Mr. Tam's parents. *See* Docs. 11; 11-4. The time for filing a claim passed as did the time allowed by the requested extensions, but no claim was filed.

On April 18, 2018, the government filed a Motion for Clerk's Entry of Default as to Kenneth Tam, John Tam, and Sandra Tam, and on April 20, 2018, pursuant to Fed. R. Civ. P. 55(a), the Clerk entered a Default as to these individuals for the Defendant Funds. Docs. 12; 13; 14. On April 25, 2018, the government filed a motion for default judgment. Doc. 16 (the Motion).

**II.     Discussion.**

In the Complaint, the government made the following factual allegations, among others, which the government now relies upon in the Motion:

> On or about February 1, 2017, Kenneth Tam was at the Orlando International Airport intending to fly to Newark New Jersey. *Id.* ¶ 9. Earlier that day, Tam had booked a one-way flight from Orlando to Newark, aboard United Airlines flight 174, which was scheduled to depart Orlando that morning. *Id.* During routine security screening, Transportation Security Administration (TSA) personnel discovered a large amount of cash in Tam's carry-on bag. *Id.* ¶ 10. Tam told TSA personnel that he was traveling with $10,000 that he earned selling shoes. *Id.* TSA personnel alerted law enforcement agents of the discovery. *Id.* HSI agents responded and eventually seized $131,940 in currency found in three sealed Fed Ex envelopes in Tam's carry-on bag. *Id.* ¶ 11.

> Tam told agents that he was in the business of selling shoes. *Id.* ¶18. He claimed that he purchases shoes from stores and re-sells them to friends. *Id.* Tam stated that he generates business by word-of-mouth and conducts no business online. *Id.*

> Tam stated that he sells between 2,000 and 5,000 pairs of shoes each year. *Id.* ¶ 19. He claimed that he pays $200 a pair and re-sells the shoes for $800 to $1,000 per pair. *Id.* He claimed that he made between $100,000 and $200,000 per year selling shoes. *Id.* Despite this claimed income, Tam stated that he had not filed tax returns in over ten years. *Id.* Tam also claimed that he did not have a bank account. *Id.*

> Despite claiming to have traveled from California, to New York, to Louisiana, and finally to Florida, Tam was traveling with only one carry-on bag that contained a single sweatshirt and two pairs of shoes. He had no checked luggage. The carry-on bag did not contain any other personal effects that one would expect (such as a toothbrush, toiletries, socks, underwear, etc.). *Id.* ¶ 23.

> A properly trained narcotics detection dog positively alerted to the presence of the odor of drugs on the Defendant Funds. *Id.* ¶ 24. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. *Id.* These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. *Id.* A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance. *Id.*

> Less than five months later, on June 28, 2017, during routine TSA security screening at the Charlotte-Douglas International Airport in North Carolina, TSA personnel again located a large amount of cash in Tam's carry-on bag. *Id.* ¶ 2.

Doc. 16 (citing Doc. 1 at 3-12).

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Thus, to support an entry of default judgment in a civil forfeiture case, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Fed. R. Civ. P. Supp. Rule G(2)(f); *United States v. $134,972.34 Seized from FNB Bank, Account Number—5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015) (explaining that the heightened pleading standard of Supplemental Rule G(2) applies in civil forfeiture cases, not the *Twombly/Iqbal* pleading standard from Rule 8, although the *Twombly/Iqbal* standard may provide guidance in deciding a motion to dismiss a civil asset forfeiture complaint to the extent it does not conflict with Supplemental Rule G(2)).

Upon review of the Motion and the Complaint, the undersigned finds that the facts alleged in the Complaint, some of which are summarized in the Motion and set forth in the foregoing paragraphs, support a reasonable belief that the government will be able to meet its burden of proof at trial and show that the Funds constitute proceeds or are traceable to proceeds of federal controlled substance offenses, or were furnished or intended to be furnished in exchange for a controlled substance and, thus, are subject to forfeiture under 21 U.S.C. § 881(a)(6). Notice was provided in accordance with Supplemental Rule G(4)(a) and (b), and no claims or answers have been timely filed. Accordingly, it is respectfully recommended that the Court find that the United States is entitled to entry of a default judgment of forfeiture, pursuant to Fed. R. Civ. P. 55(b)(2).

**III.     Conclusion.**

It is respectfully recommended that the Motion (Doc. 16) be **GRANTED**, and the Clerk of Court be **DIRECTED** to enter a default judgment forfeiting to the United States all right, title, and interest in the Funds and, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 9, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

- 5 -